**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hung Van TRAN, Duc Quang Nguyen,
and Binh Van Nguyen,
Defendants–Appellants.**

**Cr. No. H–90–191.**

United States District Court,
S.D. Texas,
Houston Division.

May 17, 1991.

1540(b)(1) and 18 U.S.C. § 2, and failure to use a Turtle Excluder Device in violation of 16 U.S.C. §§ 1538(a)(1)(G) and 1540(b)(1). Each appellant pled guilty to Count 1 of the indictment in return for the agreement of the Government to dismiss Count 2 at the time of sentencing. The PSI'S recommended, and the magistrate judge found, that each appellant's base offense level was 6 and that each appellant was entitled to a two-point downward adjustment for acceptance of responsibility. Appellant Tran was given a two-level upward adjustment for his role as master of the vessel. Tran then had an offense level of 6 and Duc and Binh each had an offense level of 4.

The Government filed two objections to the PSI'S. First, the Government contended that a two-level upward adjustment was applicable pursuant to U.S.S.G. § 2Q2.1(b)(1) because the offense involved a commercial purpose. The magistrate judge rejected this contention.

The Government also sought a four-level upward adjustment pursuant to U.S.S.G. § 2Q2.1(b)(3)(B), which states:

> If the offense involved a quantity of fish, wildlife or plants that was substantial in relation either to the overall population of the species, or to a discrete subpopulation, increase by 4 levels.

After hearing testimony from Dr. Charles W. Caillouet, Jr., Chief of the Life Studies Division of the National Marine Fishery Service Laboratory in Galveston, and Dr. Jack Woody, National Sea Turtle Coordinator of the United States Fish and Wildlife Service, the magistrate judge found that this guideline provision applied and increased the total offense level of each appellant by four levels. The sole issue in this appeal is whether the magistrate judge erred in finding that the Kemp's Ridley Sea Turtle possessed by appellants constituted a substantial quantity of its species in relation to the overall population of the species or to a discrete subpopulation of the species.

Peggy Morris Ronca, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Daniel H. Wannamaker, Duke Nguyen Browning, Trang T. Pham, Houston, Tex., for defendants-appellants.

LAKE, District Judge.

Appellants, who are shrimp fishermen, were charged in a two-count indictment with unlawful possession of an endangered species, a Kemp's Ridley Sea Turtle, in violation of 16 U.S.C. §§ 1538(a)(1)(D) and

Appellants argue that the magistrate judge's ruling should be reviewed *de novo* as an error of law because it consti-

tuted an incorrect application of the sentencing guidelines. The Court disagrees. It is clear from the record that the magistrate judge's application of § 2Q2.1(b)(3)(B) was a result of a factual determination that one female Kemp's Ridley Sea Turtle was substantial in relation to the population of the species or to a discrete subpopulation of the species. The magistrate judge's findings must therefore be affirmed unless they are clearly erroneous. *E.g., United States v. Richardson*, 925 F.2d 112, 114 (5th Cir.1991).

■ Appellants each argue that the magistrate judge erred because the Government failed to prove that one Kemp's Ridley Sea Turtle was substantial in relation to the overall population of that species, and more particularly, failed to prove the overall population of this species.

The testimony of Dr. Woody and Dr. Caillouet establishes that the Kemp's Ridley Sea Turtle is one of the ten most endangered species in the world and is near extinction. These experts testified that the only significant nesting ground for the Kemp's Ridley Sea Turtle is in Rancho Nuevo, Mexico, and that fewer than 400 female Kemp's Ridley Sea Turtles nested in 1990. Although a sexually mature female sea turtle may lay 100 eggs per nest and may nest as many as three times per season, only approximately one Kemp's Ridley egg in 1,000 eggs will survive to adulthood based upon natural mortality rates. As soon as sea turtle eggs hatch, they are subject to a number of predators, including marine birds, vultures, raccoons, crabs, and other beach dwellers and to an additional set of predators once they reach the water. This low survival rate is exacerbated because of the additional threat to sea turtles through capture by shrimpers. Because of these threats to young turtles, a female turtle has to nest ten times before producing an offspring that will reach adulthood. The survival of each mature female turtle is therefore significant to the survival of the species.

The turtle found in appellants' possession was determined to be a young adult female on the verge of reproducing with developing eggs in its reproductive tract. The turtle was captured in April, at the beginning of the April through August or September nesting season.

Notwithstanding the Government's failure to prove the overall population of Kemp's Ridley Sea Turtles at the time of the offenses charged, given the lengthy time it takes a female Kemp's Ridley Sea Turtle to reach reproductive capacity, the low survival rate of its eggs, and the fact that the species is extremely endangered, this Court concludes that the magistrate judge was not clearly erroneous in finding that the one sea turtle involved in this case was substantial in relation to the overall population of the species. Alternatively, viewing sexually mature female Kemp's Ridley Sea Turtles as a discrete subpopulation within the meaning of Guideline § 2Q2.1(b)(3), the magistrate judge's finding is even more supportable on the evidence before her.

The judgments of conviction and sentences of each appellant are AFFIRMED.