**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**HUNG VAN TRAN, Defendant–
Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**DUC QUANG NGUYEN, Defendant–
Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**BINH VAN NGUYEN, Defendant–
Appellant.**

Nos. 91–2572, 91–2605 and 91–2606.

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1992.

Roland E. Dahlin, II, Federal Public Defender, Daniel H. Wannamaker, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant Hung Van Tran.

Leslie D. Banks, Paula C. Offenhauser, Asst. U.S. Attys., Ronald C. Woods, U.S. Atty., Houston, Tex., for plaintiff-appellee U.S.

Duke Nguyen Browning, Katy, Tex. (Court-appointed), for defendant-appellant Duc Quang Nguyen.

Trang T. Pham, Houston, Tex. (Court-appointed), for defendant-appellant Binh Van Nguyen.

Before REAVLEY, HIGGINBOTHAM and DEMOSS, Circuit Judges.

REAVLEY, Circuit Judge: ·

Appellants argue that the district court's four-level upward adjustment of the offense points was unwarranted and produced an erroneous sentence for their conviction of the illegal capture of a turtle. That turns on whether the record will support the trial court's finding that this Kemp's ridley female sea turtle is "substantial" in relation to the total population of sea turtles. We find no error and affirm.

## I. BACKGROUND

Appellants Duc Quang Nguyen, Binh Van Nguyen (the Nguyens) and Hung Van Tran (Tran) were shrimp fishermen plying their trade in the Gulf of Mexico without using a turtle excluder device. Coast Guard officials found the appellants in possession of one mature female Kemp's ridley sea turtle—an endangered species—and the appellants subsequently pleaded guilty to violations of 16 U.S.C. §§ 1538(a)(1)(D) and 1540(b)(1), and 18 U.S.C. § 2. The government urged that appellants should receive a four-level upward adjustment to their sentences under United States Sentencing Guideline § 2Q2.1(b)(3)(B), which applies if the quantity of an endangered species involved in an offense is substantial in relation to the overall population. The magistrate judge heard testimony on this issue, and determined that the one female Kemp's ridley turtle that appellants captured is a substantial quantity. The district court affirmed. *United States v. Tran*, 765 F.Supp. 356, 358 (S.D.Tex.1991). Appellants now contend that their sentences were excessive because the district court improperly applied section 2Q2.1(b)(3)(B). The Nguyens further contend that the trial court failed to consider mitigating circumstances in their case.

## II. DISCUSSION

### A. SUBSTANTIALITY OF ONE TURTLE

This court's review of a district court's sentence under the sentencing guidelines is governed by 18 U.S.C. § 3742(d), which requires that we determine from the record whether the sentence "(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is outside the range of the applicable sentencing guideline ...." Error in the application of a guideline is, in essence, "legal" error, though it may also be that "findings which require both assessment of complex evidence as well as sensitivity to legal purposes may nevertheless be factual." *United States v. Mejia–Orosco*, 867 F.2d 216, 221 (5th Cir.), *cert. denied*, 492 U.S. 924, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989). A sentence imposed as a result of an incorrect application of the guidelines must be reversed. *Id.* at 218. But findings of fact that underlie the district court's sentence are reviewed for clear error. *Id.; see also United States v. Richardson*, 925 F.2d 112, 114 (5th Cir.1991).

■ Sentencing guideline section 2Q2.1(a), which sets the range of punishment for violations of 16 U.S.C. § 1540, provides for a base offense level of 6. But subsection (b)(3)(B) contemplates a 4-level increase "[i]f the offense involved a quantity of fish, wildlife, or plants that was substantial in relation either to the overall population of the species or to a discrete subpopulation ...." The government in this case presented the only expert testimony tending to establish the substantiality of one turtle in relation to the overall population.

Appellants contend that the government's failure to present evidence of the total number of existing Kemp's ridley turtles renders section 2Q2.1(b)(3)(B) inapplicable for the reason that the guideline requires a substantial quantity *in relation to* the overall population or a subpopulation. Appellants argue that the relation of the offense quantity to the species cannot be determined without some numerical estimation of the overall population or subpopulation size, and therefore the guideline increase requires, as a matter of law, some evidence of a numerical estimation.

■ Considering the nature of its inquiry in reviewing the magistrate judge's findings, the district court stated that the applicability of section 2Q2.1(b)(3)(B) is the "result of a factual determination that one [turtle] was substantial in relation to the population of the species or to a discrete subpopulation ...." *Tran*, 765 F.Supp. at

358. We think that the district court essentially was correct. Substantiality under this guideline is a factual determination, albeit one that requires "sensitivity to legal purposes." Consequently, we review the district court's finding for clear error. We interpret the "in relation to" language as merely defining the point of reference for the term "substantial."

In addition to testifying that one Kemp's ridley turtle is substantial in relation to the population, the government's experts presented extensive evidence explaining that the turtle is extremely endangered and in fact may already be "biologically extinct." Based on the testimony, the district court found that: the Kemp's ridley turtle is one of the ten most endangered species in the world and near extinction; fewer than 400 female turtles nested in 1990; though a sexually mature female lays around 300 eggs per nesting season, only one turtle per 1000 eggs survives to adulthood; the survival of each mature female turtle is significant to the survival of the species; and the turtle in question was a young adult female with developing eggs in its reproductive tract. *Id.* The district court determined the one female individual to be a substantial quantity under section 2Q2.1(b)(3)(B) because the species is extremely endangered, and because of the low egg-survival rate and the length of time it takes a female to reach reproductive capacity. *Id.*

We cannot say that the district court clearly erred in finding substantiality in the absence of an overall population estimate. We observe from the expert testimony in this case, as well as from the findings in *United States v. Asper*, 753 F.Supp. 1260 (M.D.Pa.1990), that endangered species population estimates are approximate, if estimates even exist. Indeed, the district court could have found from the testimony of one expert that there is simply "no good way" of estimating the population of Kemp's ridley sea turtles, and consequently that there is no estimate. Under these circumstances, we see no practical reason to require evidence of an overall population estimate. Rather, we believe that such a

requirement could effectively nullify the guideline enhancement. And no authority so compels or counsels.

To date, only the *Asper* court has applied subsection (b)(3)(B) to an offense involving one individual member of an endangered species. *Id.* at 1282. In upholding the 4-level adjustment, the *Asper* court stated that

> [the] curator at the Carnegie Museum ... testified that the world population of the [endangered species] is approximately 100 to 200 and that in his opinion the killing of the large male [individual] in this case was substantial in relation to the overall population. His testimony is credible.

*Id.* It is true that in *Asper*, unlike the case at bar, the expert witness estimated the population size of the species. But the court plainly did not determine substantiality from a ratio, as appellants contend. The court did not compute, or even mention, a ratio. So *Asper* does not stand for the proposition that the absence of evidence of overall population size renders a substantiality finding clearly erroneous. We read *Asper* to simply confirm that estimates of total population size, when estimates exist, may be a factor for the district court to consider.

B. MITIGATING CIRCUMSTANCES

The Nguyens argue that their sentence of incarceration is unduly harsh because: they are remorseful and accept responsibility for their crime; they believed they were acting to assist the Kemp's ridley turtle; they were acting under orders and without any bad intent; and incarceration would deprive them of their livelihood. They also argue that their punishment is excessive because incarceration is inconsistent with rehabilitation, and the offense set out under 16 U.S.C. §§ 1538(a)(1)(D) and 1540(b)(1) is "as much administrative as criminal."

The district court sentenced the Nguyens within the guideline range, and we have concluded that their sentence was not imposed in violation of law. *See United States v. Buenrostro*, 868 F.2d 135, 139 (5th Cir.1989), *cert. denied*, 495 U.S. 923, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990).

Further, the district court took into account the Nguyens' minor offense roles under the guidelines, and sentenced the Nguyens in the lower guideline range. The district court adequately considered the mitigating factors.

AFFIRMED.